IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RYAN URBIN,

    Plaintiff,

vs.                                                                                  Case No.  1:23cv31-AW-MAF

RICKY DIXON, et al.,

    Defendants.

_____/

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Ryan Urbin, a prisoner of the Florida Department of Corrections ("DOC"), is proceeding on a second amended complaint in this civil rights action brought under 42 U.S.C. § 1983.  ECF No. 26.  Plaintiff has sued three Defendants in this case, all of whom are sued in their official capacities:  DOC Secretary Ricky D. Dixon, Education Supervisor with the DOC Cheryl Mason, and Melinda N. Coonrod, Chairperson of the Florida Commission on Offender Review ("FCOR").  Although two motions to dismiss are pending, ECF Nos. 30 and 32, this Report and

2

Recommendation deals only with the motion to dismiss filed by Defendant Coonrod. ECF No. 32.

Defendant Coonrod argues that dismissal is appropriate because she is entitled to Eleventh Amendment immunity, that Plaintiff lacks standing to seek the injunctive relief requested, that Plaintiff's claims are insufficient, and she asserts that she has "no authority over" the Plaintiff. ECF No. 32 at 8-26. Plaintiff has responded to the motion to dismiss and states that after "careful consideration," he now agrees that the complaint should be dismissed as to Defendant Coonrod only, "but not for the reasons" argued by Defendant Coonrod in the motion to dismiss. ECF No. 38 at 2. Because Plaintiff does not contest the dismissal of Defendant Coonrod, maintaining that this case should continue as to the remaining Defendants only, his factual allegations are briefly summarized below.

Plaintiff was convicted of first-degree murder (count one) and armed robbery (count two) for offenses committed in 1996 when he was seventeen (17) years of age. ECF No. 26 at ¶¶ 5-6. He was sentenced to death on count one and given 26 years on count two, but his death sentence was vacated in 1998, and a mandatory life sentence without the

3

possibility of parole ("LWOP") was imposed.  *Id.,* ¶ 6.  After the United States Supreme Court held in <u>Miller v. Alabama</u>, 132 S. Ct. 2455 (2012), that "mandatory LWOP sentences for those under the age of 18 at the time of their homicide offense violates the Eighth Amendment," Plaintiff filed a motion to correct illegal sentence.  *Id.,* ¶¶ 7-8.  Although his motion was granted, he was resentenced in 2022 and the trial court imposed another LWOP sentence.  *Id.,* ¶¶ 12-14.  However, Plaintiff is now afforded an "opportunity to demonstrate maturity and rehabilitation at a Judicial Review of his new LWOP sentence after completing 15 years in prison," which he has already competed.  *Id.,* ¶ 14.

  To prove to the reviewing court that he has matured and has been rehabilitated, Plaintiff requested entry into the "Correctional Transition Program" ("CTP") which is "offered by the FDC at Everglades Correctional Institution."  *Id.,* ¶¶ 16-17.  CTP "prepares long-term inmates who are eligible for parole to re-enter society."  *Id.,* ¶ 21.  "Completion of CTP is a gateway to being granted parole by the FCOR."  *Id.*  Plaintiff's request was denied and he was told that "only FCOR makes CTP decisions."  *Id.*, ¶¶ 24-25.

4

Plaintiff challenged his denial through the prison grievance process, maintaining that the FCOR did not have authority to bar his entry into the CTP. *Id.,* ¶¶ 26-31. Plaintiff's position has consistently been that FCOR lacks authority to prevent his placement in the CTP, a DOC program, and that completing the CTP is critical to show maturity and rehabilitation. Plaintiff was denied relief throughout the DOC grievance process, relying on the statement "that only FCOR could place inmates in CTP." *Id.*, ¶ 32. However, within the motion to dismiss, Defendant Coonrod agrees that she "has no authority over any life sentenced non-parole eligible inmate." *See* ECF No. 32 at 24.

Thus, Plaintiff concedes that Defendant Coonrod should be dismissed as an improperly named Defendant based on an erroneous argument that she had authority to block Plaintiff's entry into CTP. Further, because it appears that Defendant Coonrod has no authority over the CTP, she cannot afford Plaintiff the relief requested. Accordingly, the uncontested motion to dismiss filed by Defendant Coonrod, ECF No. 32, should be granted.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendant Coonrod's motion to dismiss, ECF No. 32, be **GRANTED,** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 6, 2023.

   S/   Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**This case was referred to the undersigned for the issuance of all preliminary orders and any recommendations regarding dispositive matters.  See N.D. Fla. Loc. R. 72(C); see also 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  See 11th Cir. Rule 3-1; 28 U.S.C. § 636**.