IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**RYAN URBIN,**

    **Plaintiff,**

v.                                                   Case No. 1:23-cv-31-AW-MAF

**RICKY DIXON, et al.,**

    **Defendants.**

_____/

**<u>ORDER GRANTING MOTION TO DISMISS</u>**

Pro se plaintiff Ryan Urbin is serving a life sentence for a murder he committed as a juvenile. He sued Ricky Dixon, Secretary of Florida's Department of Corrections (DOC), and Cheryl Mason, a DOC Education Supervisor, in their official capacities. ECF No. 26. His claim is that Defendants violated his constitutional rights by not enrolling him in a specific "Correctional Transition Program" (CTP) DOC offers. *Id.* ¶¶ 16-26.

Dixon and Mason moved to dismiss. ECF No. 30.[1] The magistrate judge issued a report and recommendation, concluding the court should deny the motion and let the claims proceed. ECF No. 42. Defendants filed timely objections, and Urbin responded. *See* ECF Nos. 43, 49. Having considered the matter de novo, I now reject the magistrate judge's conclusion and grant Defendants' motion.

---

[1] The court previously dismissed all claims against a third Defendant, Melinda Coonrod. ECF No. 41.

1

## I.

To survive a motion to dismiss, a complaint must allege "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court accepts all well-pleaded facts as true and views them in Urbin's favor. *Butler v. Sheriff of Palm Beach Cnty.*, 685 F.3d 1261, 1265 (11th Cir. 2012). But threadbare recitals of elements and mere conclusory statements are not entitled to a presumption of truth and are insufficient to avoid dismissal. *Iqbal*, 556 U.S. at 678.

Courts liberally construe pro se complaints and hold them to less stringent standards than those lawyers draft. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But courts cannot "rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (cleaned up).

Finally, contrary to Urbin's argument, *see* ECF No. 37 at 7, the fact that the magistrate judge earlier let Urbin's complaint survive initial screening under § 1915A does not preclude a Rule 12(b)(6) dismissal now.

## II.

In 1998, Urbin was sentenced to life in prison without the possibility of parole (LWOP) for a crime committed as a juvenile. ECF No. 26 ¶¶ 5-6. The Supreme

Court later decided *Miller v. Alabama*, holding that mandatory LWOP sentences for minors violate the Eighth Amendment. 567 U.S. 460 (2012). Florida then amended its laws to allow some juvenile offenders to have their sentences reconsidered. *See* ECF No. 26 ¶¶ 9-11; Fla. Stat. § 921.1402.

Urbin brought a successful *Miller* claim but then—after a full resentencing—received a new LWOP sentence. ECF No. 26 ¶¶ 12-14. He contends, though, that because he has already been incarcerated so long, he will soon be entitled to judicial review of his sentence at which point he can seek early release. *See id.* ¶ 15; Fla. Stat. § 921.1402 (requiring judicial review of some juvenile sentences after specific periods of time).

It is not clear that state law would afford Urbin the judicial review he seeks, but he wants to be prepared to show progress at his potential future hearing. He wants opportunities to show he has "matured into a man, has been rehabilitated, and is fit to reenter society." ECF No. 26 ¶ 16. In his view, enrollment in CTP gives him the best chance to do that. Nonetheless, DOC denied his enrollment request. The issue in this case is whether that decision was unconstitutional.

Five claims remain. Counts I, II, and III allege that the denial violated due process. *Id.* ¶¶ 32-34. Count V alleges Dixon violated equal protection by allowing other inmates, but not Urbin, to enroll in CTP. *Id.* ¶ 36. Count VI claims denying CTP violates the Eighth Amendment. *Id.* ¶ 37.

## III.

Defendants first argue Urbin lacks standing. ECF No. 30 at 9-12. To have standing, Urbin must show a concrete and particularized injury that is traceable to Defendants' conduct and redressable by a favorable decision. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-561 (1992). Urbin must ultimately prove these elements, but at the motion-to-dismiss stage, he only needs to allege facts plausibly supporting them. *Id.*; *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).

Urbin has alleged enough. He sought a specific benefit (CTP), the denial of which constitutes a particularized injury. That injury is traceable to Defendants' decision, and an injunction directing Defendants to enroll Urbin in the program would redress his injury. This is sufficient for standing.

### A. Counts I-III: Procedural Due Process

To state a § 1983 procedural due process claim, Urbin must show "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (citation omitted). Defendants argue Urbin fails at the first step; they contend he has no protected liberty interest in taking CTP classes or in the possibility of being released on parole. ECF No. 30 at 12-17. In response, Urbin argues he is entitled to comprehensive programming as a matter of Florida

law.[2] ECF No. 37 at 9. He further contends that he has a liberty interest in the potential reconsideration of his sentence. *Id.* at 10-11.

The magistrate judge concluded that although Urbin is not entitled to release, "he is entitled to an opportunity to show that he should be released" and that he "has a protected liberty interest in that opportunity." ECF No. 42 at 14. Relying on Florida Statute § 921.1402, the magistrate judge decided that Urbin demonstrated a liberty interest in the future sentence review and that the "Defendants have denied him the opportunity to make the showing required in that review" by rejecting his request for CTP enrollment. *Id.* at 21. The magistrate judge thus concluded Urbin stated a due process claim. *Id.* I cannot agree.

As Defendants argue, Urbin has not shown a relevant protected liberty interest. The Supreme Court has noted that prisoner liberty interests are generally limited to two scenarios. *See Sandin v. Conner*, 515 U.S. 472, 483-484 (1995); *see also Kirby v. Siegelman*, 195 F.3d 1285, 1291 (11th Cir. 1999). First, a liberty interest may arise when a prisoner's conditions are changed so much so that they effectively exceed the original sentence. *Sandin*, 515 U.S. at 484; *see, e.g.*, *Washington v. Harper*, 494 U.S. 210, 221-222 (1990) (prisoner involuntarily given

---

[2] Urbin cites Florida Statute § 20.315(2)(c), which says it is the Legislature's intent to "develop a comprehensive program for the treatment of youthful offenders and other special needs offenders." *See* ECF No. 37 at 9. This statute establishes no entitlement to the program Urbin seeks.

psychotropic drugs); *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (prisoner transferred to a mental hospital). Second, there can be a liberty interest when a state chooses to create a benefit for a prisoner and then deprives the prisoner of that benefit in a way that imposes "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484; *see also Kirby*, 195 F.3d at 1291. DOC's rejection of Urbin's enrollment request does not fall into either of these categories. The lack of a protected liberty interest dooms the due process claims.

There is also another independent reason the due process claims fail: Urbin has not shown constitutionally inadequate process. *Grayden*, 345 F.3d at 1232. Urbin alleges he filed a prison grievance addressing the issue, that he did not prevail, and that he appealed the rejection through DOC's administrative process. ECF No. 26 ¶¶ 23-31. Ultimately, he did not get the answer he wanted. *Id.* ¶¶ 23-31. But he has not alleged facts showing constitutionally inadequate process. *See Am. Fed'n of Lab. & Cong. of Indus. Organizations v. City of Miami*, 637 F.3d 1178, 1186 (11th Cir. 2011) (rejecting due process claim because plaintiffs failed to allege how state procedures were inadequate). "Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation of life, liberty, or property." *Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006) (quoting *Carey v. Piphus*, 435 U.S. 247, 259 (1978)). Unsupported conclusory

allegations about his entitlements under Florida law are also insufficient. *See Iqbal*, 556 U.S. at 678; ECF No. 26 ¶ 30.

## B. Count V: Equal Protection

Count V alleges an equal protection violation based on Urbin's contention that similarly situated offenders can enroll in CTP while he cannot. *Id.* ¶ 36. The magistrate judge concluded he had stated a claim, but I reject that conclusion.[3]

"To maintain th[e] focus on discrimination, and to avoid constitutionalizing every state regulatory dispute, we are obliged to apply the 'similarly situated' requirement with rigor." *Griffin Indus., Inc.*, 496 F.3d at 1207. "The entities being compared must be *prima facie identical in all relevant respects*." *PBT Real Est., LLC v. Town of Palm Beach*, 988 F.3d 1274, 1285 (11th Cir. 2021) (cleaned up). Urbin must show that he is "similarly situated 'in light of all the factors that would be relevant to an objectively reasonable governmental decisionmaker.'" *Douglas*

---

[3] Urbin contends this is a "class of one" claim. *See* ECF No. 37 at 16. The magistrate judge seemed to agree. Although it makes no difference here, this is not a "class of one" claim because the distinction Urbin attacks is between classes: juvenile offenders who are parole eligible and juvenile offenders who are not parole eligible. Urbin does not contend that he is alone in his status as a life-sentenced non-parole-eligible offender sentenced for a crime committed as a minor. But again, it makes no difference. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1204-05 (11th Cir. 2007) ("We see no reason that a plaintiff in a 'class of one' case should be subjected to a more lenient 'similarly situated' requirement than we have imposed in other contexts.").

7

*Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1275 (11th Cir. 2008) (quoting *Griffin Indus., Inc.*, 496 F.3d at 1207).

Here, Urbin contends that DOC permits juvenile homicide offenders who are eligible for parole to enroll in CTP so they can "prepare for their parole hearing." ECF No. 26 ¶ 36. He argues that he is similarly situated to these inmates because he faces a potential "parole like" review. *Id.* But inmates eligible for parole are not similarly situated to Urbin, who is *not* eligible for parole. Thus, Urbin has not stated an equal protection claim. *E & T Realty v. Strickland*, 830 F.2d 1107, 1109 (11th Cir. 1987) ("Different treatment of dissimilarly situated persons does not violate the equal protection clause.").

Moreover, Urbin has not alleged facts showing that any different treatment lacks a rational basis. He had the burden "to negative every conceivable basis which might support" the distinction. *F.C.C. v. Beach Commc'ns, Inc.*, 508 U.S. 307, 315 (1993) (quoting *Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973)). Here he cannot show that there is no conceivable rational basis for offering different prison programming for parole-eligible and non-parole-eligible inmates.

### C. Count VI: Eighth Amendment

Urbin's last claim is that the refusal to enroll him in CTP violates the Eighth Amendment's prohibition against cruel and unusual punishment. ECF No. 26 ¶ 37;

ECF No. 37 at 13-15. Relying on *Graham v. Florida* and *Miller*,[4] the magistrate judge concluded that Urbin stated an Eighth Amendment claim because he alleged that Defendants deprived him of a meaningful opportunity to demonstrate maturity and rehabilitation by refusing to enroll him in CTP. ECF No. 42 at 27; 560 U.S. 48 (2010). But that reasoning misses the main issue with Urbin's claim.

At bottom, the Eighth Amendment "bans only cruel and unusual *punishment*." *Wilson v. Seiter*, 501 U.S. 294, 300 (1991). Prisoners can allege violations in three distinct ways: they can "challeng[e] specific conditions of confinement, the excessive use of force, and the deliberate indifference to a prisoner's serious medical needs." *See Thomas v. Bryant*, 614 F.3d 1288, 1303-04 (11th Cir. 2010). Urbin's claim does not fit into any of these categories. Indeed, he does not allege facts showing that the denial of his request to enroll in CTP was a punishment at all. ECF No. 26 ¶ 37. He alleges just that CTP is a program for parole-eligible inmates, *id.* ¶ 21, that he is ineligible for parole, *id.* ¶ 15, and that DOC denied his request to enroll in the program. *Id.* ¶ 31.

Even if construed liberally as a challenge to the specific conditions of his confinement, the complaint still fails to state an Eighth Amendment claim. The

---

[4] To the extent that Urbin contends that his sentence violates *Graham* or *Miller*, *see* ECF No. 37 at 13-15, he cannot raise that issue through a § 1983 claim. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

enrollment denial is not an extreme deprivation. *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992) ("[E]xtreme deprivations are required to make out a conditions-of-confinement claim.") (cleaned up)).

## CONCLUSION

The report and recommendation (ECF No. 42) is REJECTED. Defendants' motion to dismiss (ECF No. 30) is GRANTED. All claims against Defendants are DISMISSED. Plaintiff has already amended his complaint and, at any rate, there is no indication that any further amendment would be successful.

The clerk will enter judgment that says, "Plaintiff's claims are dismissed on the merits for failure to state a claim." The clerk will then close the file.

SO ORDERED on March 29, 2024.

s/ *Allen Winsor*  
United States District Judge